IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 FEB 23  P 12: 54

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| CHARLESTYNE BICKLEY,<br><br>Plaintiff,<br><br>v.<br><br>MEDTRONIC,<br><br>Defendant. | Civil Action No. 2:06cv169-WHA |

## NOTICE OF REMOVAL

COMES NOW Medtronic, Inc., incorrectly identified in the complaint as "Medtronics, Inc." ("Medtronic"), the defendant in the above-styled cause, and gives notice that this cause is hereby removed from the Circuit Court of Elmore County, Alabama to the United States District Court of the Middle District of Alabama, Northern Division. As and for its Notice of Removal, Medtronic shows unto the Court as follows:

1.  This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases. Plaintiff instituted this civil action in the Circuit Court of Elmore County, Alabama, on January 9, 2006 against Medtronic and fictitious defendants Nos. 1-32, said case number being CV-06-08 in said court.

2.  Plaintiff alleges that she has suffered physical and emotional injuries as a result of the implantation of an allegedly defective defibrillator. Complaint at ¶ 8.

3.  The complaint was filed on January 9, 2006. According to the records of the

Circuit Court of Elmore County, Medtronic was served on January 30, 2006. A true and correct copy of the file of the Circuit Court of Elmore County, Alabama, including all process and pleadings served on Medtronic, is attached hereto as Exhibit A. Because this Notice of Removal is filed within thirty days after service of the summons and/or complaint upon the first-served defendant, it is timely under 28 U.S.C. §1446(b).

4. This action originally could have been filed in this Court under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## I.
## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES

5. Plaintiff is, and was at the institution of this civil action, and at all times intervening, a citizen and resident of Alabama. Complaint at ¶ 1.

6. Medtronic is, and was at the time of the institution of this civil action, and at all times intervening, a corporation organized and existing under and by virtue of the laws of the State of Minnesota, having its principal place of business in the State of Minnesota. As a result, Medtronic is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of causes.

7. The Complaint purports to state claims against fictitious defendants identified as No. 1 through No. 32. For the purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

## II.
## THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED HERE.

8. Where a complaint does not state a demand for a specific amount of damages, the removing defendant must demonstrate by only a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Williams v. Best Buy, Inc.*, 269 F. 3d 1316, 1319 (11th Cir. 2001); *see also Williams v. Conseco, Inc.*, 57 F. Supp 2d 1311, 1317 (S. D. Ala. 1999) (stating the preponderance of the evidence standard).

9. It is facially apparent from the Complaint that plaintiff seeks damages in excess of $75,000.00. *See Williams*, 269 F. 3d at 1319 ("When the complaint does not claim a specific amount of damages, removal from the state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."). Notwithstanding the absence of a specific dollar demand, plaintiff asserts claims for failure to warn, design and marketing defects, negligence, wantonness, breach of express and implied warranty, and fraud, misrepresentation and concealment under the Alabama law. Plaintiff seeks both compensatory and punitive damages. *See* Complaint at ¶¶ 17, 26, 34, 36, and 45. Plaintiff claims damages relating to pain and suffering, physical and emotional distress and the "amount of costs associated with all aspects of the implantation and replacement of the defective and unreasonably dangerous defibrillator." *See* Complaint at ¶¶ 17, 26, 34, 36, and 45. Because this case involves product liability claims for damages allegedly arising from the implantation and replacement of defendant's product, more than $75,000.00, exclusive of interest and costs, is at issue. *See, e.g., Toole v. McClintock*, 999 F. 2d

1430 (11th Cir. 1993) (addressing on appeal an award of $400,000 in compensatory damages and $5,000,000 in punitive damages in a medical product liability case involving breast implants.) In that regard, Medtronic notes that in other products liability cases in Alabama, where the plaintiff has sought to recover for alleged damages resulting from allegedly defective products, jury awards have consistently exceeded $75,000.00. *See* list of Alabama products liability cases resulting in verdicts exceeding $75,000.00, attached hereto as Exhibit B. Accordingly, the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

### III.
### THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.

10. As set forth above, this Notice of Removal is filed within thirty days of the service of the petition or process upon Medtronic.

11. All defendants consent to and join in this Notice of Removal.

12. Medtronic has sought no similar or other relief.

13. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

14. If any question arises as to the propriety of the removal of this action, Medtronic requests the opportunity to present a brief and oral argument in support of its position that this case is removable, and to conduct jurisdictional discovery.

WHEREFORE, Medtronic, desiring to remove this case to the United States District Court for the Middle District of Alabama, Northern Division, being the district and division of said Court for the County in which said actions are pending, prays that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

_____
EDWARD S. SLEDGE, III           (SLE003)
FREDERICK G. HELMSING, JR.   (HEL014)
Attorneys for Defendant Medtronic, Inc.

OF COUNSEL:

**MCDOWELL KNIGHT**
**ROEDDER & SLEDGE, L.L.C.**
Post Office Box 350
Mobile, Alabama 36602
(251) 432-5300

## CERTIFICATE OF SERVICE

I hereby certify that I have this **22** day of February, 2006, served a true and correct copy of the foregoing on below-listed counsel of record in this proceeding, by United States mail, properly addressed and first class postage prepaid.

_____

**COUNSEL OF RECORD:**

Paul C. Garrison
HOLLIS & WRIGHT, P.C.
1750 Financial Center
505 North 20th Street
Birmingham, Alabama 35203